FILED

JUN 30 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>WILLIAM WAYNE WEISMANN,<br><br>      Debtor. | Case No. 05-27320-A-13J<br><br>Docket Control No. None<br><br>Date: Ex Parte<br>Time: Ex Parte |

### MEMORANDUM DECISION

    The chapter 13 debtor has filed an appeal from the order of the United States Bankruptcy Court for the Northern District of California transferring venue in this chapter 13 case to the Eastern District of California.

    The debtor now asks the court to enter a stay pending appeal. The proposed order lodged by the debtor provides that "the Debtor's motion for a Stay of Order/Case Pending Appeal is granted and this bankruptcy case is stayed pending resolution of debtor's appeal." In other words, the debtor will get the benefit of the automatic stay while prosecuting his appeal but not be burdened by any of the duties imposed on a chapter 13 debtor, such as appearing at a first meeting or making payments under his proposed chapter 13 plan. See 11 U.S.C. §§ 343, 1326.

    The motion will be denied for the reasons explained below.

First, were the court willing to grant any relief, it would be limited to staying the transfer of venue. It would not suspend all prosecution of the case while the appeal is being prosecuted.

Second, while a notice of appeal was filed within 10 days of entry on the Northern District's docket of the order transferring venue as required by Fed. R. Bankr. P. 8002, that order is an interlocutory order. See, e.g., United States Trustee v. Sorrells (In re Sorrells), 218 B.R. 580, 582 (B.A.P. 10th Cir. 1998). To appeal it, the debtor must file a motion for leave to appeal. 28 U.S.C. § 158(a)(3), Fed. R. Bankr. P. 8003. No such motion has been filed.

Third, because the Bankruptcy Appellate Panel might consider the notice of appeal as a motion for leave to appeal as permitted by Fed. R. Bankr. P. 8003(c), the stay will be denied, not only because the scope of the stay requested is too broad and because no motion requesting leave to appeal has been filed, but also because the debtor has not proven he is entitled to a stay.

The stay of a judgment afforded by Fed. R. Bankr. P. 7062, incorporating by reference portions of Fed. R. Civ. P. 62, is not applicable in this case. It is expressly made applicable only to adversary proceedings. A change of venue is requested by motion, See Fed. R. Bankr. P. 1014(a). A motion is a contested matter rather than an adversary proceeding. Fed. R. Bankr. P. 4001(a), 9013, and 9014.

Therefore, any stay pending appeal must be issued pursuant to Fed. R. Bankr. P. 8005. Under Rule 8005, a stay may issue if the appellant makes a strong showing that (1) he is likely to

succeed on the merits, (2) he is likely to sustain irreparable injury without the stay, (3) the appellee is unlikely to be injured by a stay, and (4) the public interest will not be harmed if the stay is granted. See Wymer v. Wymer (In re Wymer), 5 B.R. 802, 806 (B.A.P. 9th Cir. 1980).

No irreparable injury to the debtor will flow from the change in venue. The debtor currently resides in Folsom State Prison. The debtor's incarceration will continue until approximately the summer of 2006. The prison is located within the Eastern District of California and is approximately 35 miles from the courthouse in the Sacramento Division of the Eastern District.

The debtor's physical proximity to the Sacramento Division of this court will simplify the trustee's conduct of the meeting of creditors. To perform the proposed plan, all the debtor (or someone on his behalf) need do is mail a monthly check to the trustee. Performance of the plan is made no more difficult by the change in venue.

The debtor's residence in Folsom State Prison, while temporary, is enough to make the Eastern District a proper venue for this case. Section 1408(1) of title 28 makes venue proper in any district where an individual debtor, among other places, is domiciled or resides. One may reside in a district without being domiciled in that district. See, e.g., In re Vaughn, 188 B.R. 234 (Bankr. E.D. Ky. 1995). Assuming that the debtor is domiciled in the Northern District, and acknowledging that Folsom Prison is the debtor's temporary residence, the fact remains that Folsom State Prison was the debtor's place of abode before the

petition was filed and it is where he now resides.

No irreparable injury has been demonstrated.

A separate order will be entered.

Dated:  30 June 2005

By the Court

Michael S. McManus, Chief Judge
United States Bankruptcy Court

4

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

Jan Johnson
PO Box 1708
Sacramento, CA 95812

William Weismann
2338 Palmetto Ave
Pacifica, CA 94044

Scott CoBen
1214 F St
Sacramento, CA 95814

David Boone
1611 The Alameda
San Jose, CA 95126

Office of the US Trustee
501 I St, Ste 7-500
Sacramento, CA 95814

Dated: 7/1/05

Melissa McInton
Deputy Clerk